**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | | |
|---|---|---|
| GUY MICCICHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| NAVIENT SOLUTIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, GUY MICCICHE, ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of NAVIENT SOLUTIONS, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

2. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Defendant conducts business in Oakdale, County of Allegheny, Pennsylvania.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

1

**PARTIES**

5. Plaintiff, is a resident of Oakdale, County of Allegheny, Pennsylvania

6. In April 2014, Sallie Mae Bank spun off its loan servicing division and created Navient Solutions, Inc.

7. Navient is a publicly traded U.S. corporation based in Wilmington, Delaware.

8. Navient services and collects on student loans.

9. Navient manages approximately $300 billion in student loans for over 12 million consumers.

**FACTUAL ALLEGATIONS**

10. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on student loans.

11. None of the calls Defendant made to Plaintiff were for an emergency purpose.

12. In or around November 2015, Defendant began calling Plaintiff's cellular telephone xxx-xxx-0405.

13. Each time Plaintiff answered a call from Defendant, there was an automated message and then Plaintiff was connected to a live person.

14. In or around November 2015, Plaintiff sent a letter to Defendant stating that he did not owe the alleged debt.

15. Plaintiff requested a hearing in his letter and also included his name, address, and phone number so that his information could easily be located by Defendant.

16. In or around December 2015, Plaintiff answered a call from Defendant, Defendant confirmed it received Plaintiff's letter, and Plaintiff told Defendant to stop calling.

17. Despite Plaintiff's request that Defendant stop calling Plaintiff's cellular telephone,

Defendant continued to call Plaintiff's cellular telephone.

18. All of the calls Defendant made to Plaintiff's cellular telephone were made with the Noble Systems Dialer.

19. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

20. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

21. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

22. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

23. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone

24. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

25. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

26. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live operators for Plaintiff on Plaintiff's cellular telephone

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

34. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

### DEFENDANTS VIOLATED THE
### TELEPHONE CONSUMER PROTECTION ACT

35. Defendant's conduct violated the TCPA by:

    a.  Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, GUY MICCICHE, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC. for the following:

36. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

4

37. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

38. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

39. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,


July 5, 2016                    By: /s/ Michael Alan Siddons_____
                                   Michael Alan Siddons
                                   Attorney #89018
                                   The Law Firm of Michael Alan Siddons, Esquire
                                   230 N. Monroe Street
                                   PO Box 403
                                   Media, PA 19063
                                   Tel: 410-705-0970
                                   msiddons@siddonslaw.com
                                   Attorney for Plaintiff